IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE THE APPLICATION OF GUILANDE CHARLES, <br>　　Petitioner, <br><br>v. <br><br>EVENS DRY, <br>　　Respondent. <br>_____ | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | CIVIL ACTION FILE NO.: <br>1:23-CV-02418-AT |

**RESPONDENT'S ANSWER, DEFENSES AND COUNTERCLAIM TO PETITIONER'S VERIFIED PETITION FOR RETURN OF A CHILD**

**COMES NOW, RESPONDENT, EVENS DRY**, by and through his undersigned counsel and pursuant to Fed. R. Civ. P. 7, Fed. R. Civ. P. 8(C) and Fed. R. Civ. P. 9(b), and Fed. R. Civ. P. 13, presents answers, defenses and counterclaims to Petitioner's Verified Petition as follows:

1.　Respondent admits the allegations in paragraphs 2, 3, 6, and 17.

2.　Respondent denies the allegations in paragraphs 1, 11, 12, 13, 14, 15, and 16.

3.　Respondent admits in part and denies in part the allegations in paragraph 5. Respondent further shows that he admits that this Court has jurisdiction over the case pursuant to 22 U.S.C. §9003(a) and that venue is proper pursuant to 22 U.S.C. §9003 (b), and 28 U.S.C. §1391(b)(1), but Respondent is without sufficient

1

information to admit or deny that Petitioner has jurisdiction pursuant to 28 U.S.C. §1331.  Therefore, that portion of Paragraph 5 is denied.  All other allegations in Paragraph 5 related to the child's address are admitted.

4.      Respondent admits in part and denies in part the allegations in Paragraph 7. Respondent further shows that he admits that the Petitioner was granted asylum and he was not.  Respondent denies that his denial of asylum was related to a "criminal record of domestic violence against the Petitioner." Respondent further shows that initially the parties applied for asylum together.  Petitioner later advised that she wished to separate their cases, for reasons unbeknownst to Respondent. Respondent later discovered that the Petitioner had falsely accused Respondent of domestic abuse, to which the Respondent claims never occurred and to which he was never charged.  Respondent shows that his asylum was denied due to his failure to present sufficient information establishing his need for asylum in Canada. Respondent also admits that the Petitioner was granted weekend visitation rights. Respondent denies that the Petitioner had any custodial rights after August 2018. More specifically, the Order dated July 24, 2018, granted sole custody of the minor child to the Father beginning August 2018, and maintained shared custody of the minor child from a previous order from July 24, 2018, until August 2018.

5.  Respondent admits that he moved to Georgia from Canada in April 2019. Respondent denies all other allegations contained in Paragraph 8 of Petitioner's Verified Petition.

6.  Respondent admits that the child resides with he and his wife in the Northern District of Georgia. Respondent denies all other allegations contained in Paragraph 9 of Petitioner's Verified Petition.

7.  As Respondent was not aware of any custody proceeding in Canada until receipt of Petitioner's Verified Petition, Respondent is without sufficient information to admit or deny the allegations in Paragraph 10 of Petitioner's Verified Petition.

8.  Respondent has no information or belief that the allegations in paragraphs 4 and 18 are true. Therefore, Respondent denies them.

9.  Paragraphs 19, 20, and 21 do not require a response. To the extent that a response is required, Respondent denies the allegations in Paragraph 19 of Petitioner's Verified Petition.

10. Except as expressly admitted herein, Respondent denies all the allegations in Petitioner's Verified Petition not specifically admitted or denied.

## **RESPONDENT'S AFFIRMATIVE DEFENSES**

Further, as separate affirmative defenses to each and every claim for relief of

the Verified Petition, this Respondent is informed and believes, and on such information and belief alleges the Petitioner's claim for return of the minor child should be barred as follows:

5. Petitioner engaged in an assumption of the risk pursuant to Petitioner voluntarily sending the child to the Respondent without any direct communication with the Respondent, allowing the Respondent to enroll the minor child in school and allowing Georgia to become the habitual domicile of the child from May 2022 until present. Petitioner's act of shipping the child to the Respondent and failure to exercise concern, care or initiate any communication resulted in Petitioner's consent to Respondent's conduct and therefore invalidates Petitioner's claims of wrongful retention to the minor child.

6. Petitioner was contributorily negligent based on her failure to take reasonable care to communicate with the Respondent about the child's initial one-way flight to Georgia, allowing the child to remain with the Respondent for months during the school year and making no request for the return of the child until showing up at the Respondent's home with the police in December 2022, which was fruitless.

7. Petitioner should be estopped from making a claim for unlawful retention of the minor child based on Petitioner's unclean hands. Without any communication

with the Respondent for over 3 years, Petitioner unilaterally had the minor child sent to Georgia with no instructions and no communication. Not only had Petitioner initially abducted the minor child shortly after the Respondent was granted sole custody, but Petitioner shipped the child to Haiti for twenty (20) months and continued to conceal the child from Respondent's lawful custody for almost two (2) additional years until shipping her to the Respondent via the child's maternal aunt in order to avoid a pending child abuse case involving the minor child. Respondent maintained sole physical custody of the minor child from July 2018, until a purported ex-parte change of custody earlier this year, but Petitioner absconded with the child for almost four (4) years. After being with the Respondent for the past fourteen (14) months, Petitioner is attempting to utilize the legal system in Canada and now the U.S. to wrongfully remove the child from her rightful custodial parent and habitual residence in the Northern District of Georgia. Her actions and inactions should render her estopped from the ability to again uproot this child, due to her own unclean hands.

8. Respondent is of the sincere belief that the Petitioner both instituted an action in Canada and has submitted a petition before this Court based on fraud. First, Petitioner appeared at the Respondent's residence with law enforcement in Georgia in December 2022, making claims of sexual abuse of the minor child by

her father, to which no action was taken against the Respondent and the claims were found to be fraudulent by the Petitioner.  A month later, unbeknownst to the Respondent, Petitioner apparently initiated an ex-parte change of custody action in Canada, granting her custody by depriving the Respondent of the opportunity to be heard on Petitioner's actions that resulted in the minor child moving to Georgia in May 2022.  Subsequently, Petitioner has now instituted this action and conveniently provided limited details in her petition in an attempt to persuade this Honorable Court in believing that she always had custodial rights, which she did not, and that there was an understanding that the minor child would only be visiting for the summer, which was never communicated to the Respondent. Petitioner is unable to send the minor child for Georgia for summer visitation only when he retained sole physical custody at the time.  Petitioner has intentionally misrepresented the facts to this Court and potentially the Court in Canada to further her desire to get the minor child back to Canada, though all matters related to the current issues before the Court are directly related to the wrongful acts of the Petitioner, not the Respondent.

## **RESPONDENT'S COUNTERCLAIM  FOR RELIEF**

Respondent hereby brings this Counterclaim for Relief and requests that (1) the Petitioner's Verified Petition for Return of Child be dismissed with prejudice,

or in the alternative that this Court (2) order a provisional remedy pursuant to 22 U.S.C. §9004 directing that the minor child remain in the jurisdiction of Georgia protecting the minor child from removal by the Petitioner until a final disposition can be had, (3) Petitioner be found to have made fraudulent misrepresentations to this Court resulting in loss to the Respondent, (4) Petitioner be found to be in violation of the Convention on the Civil Aspects of International Child Abduction by absconding with the minor child for forty-three (43) months while Respondent had legal sole physical custody, and (5) Petitioner be required to reimburse the Respondent for all attorney's fees, costs and expenses related to the defense of this matter pursuant to 22 U.S.C. §9007(b) and Article 26 of the Hague Convention.  In support of Respondent's request, Respondent presents the following facts:

9. Both parties are from Haiti. The minor child was born in New York in late 2012.  The Petitioner and minor child moved to Canada to reside with the Respondent in early 2013 and remained together until 2016.  Upon the separation of the parties, Respondent immediately initiated a petition requesting visitation of the minor child in August 2016.  The parties entered a partial consent order and the issue of custody was continued indefinitely while the Respondent/Father exercised visitation.  A true and correct copy of the Court order in French and English is attached as Exhibit 1.

The Respondent/Father exercised visitation for approximately two years while the custody matter remained open.  There are a variety of interim orders dated November 21, 2016, January 23, 2017, March 29, 2017, June 21, 2017, July 11, 2017, August 30, 2017, October 23, 2017, and December 21, 2017.  A true and correct copy of all orders are collectively attached hereto in French as Exhibit 2.  Respondent requests leave to amend his Counterclaim to attach versions of each order translated to English.

On March 28, 2018, the Superior Court of Montreal Quebec issued an order granting joint physical custody to both parties with week on week off visitation, shared holiday visitations, suspending father's child support arrears and reserving the issue of child support.  A true and correct copy of the French version and translated English version are attached hereto as Exhibit 3.

On July 24, 2018, the Court held a hearing on the Respondent/Father's request for sole custody, access, parental authority and child support.  The Petitioner failed to respond though properly served as acknowledged by the Court.  The Court granted the Respondent/Father sole physical custody of the minor child to begin August 2018, and provided the Petitioner/Mother with visitation beginning at the end of August 2018, for every other weekend, Mother's Day each year and one-half of Christmas break each year.  The Court reserved the issue of child

support for the Respondent/Father. A true and correct copy of the French and translated English version is attached hereto as Exhibit 4.

The minor child went for weekend visitation in November 2018, and the Mother never returned the child to the Father. Instead, when the Respondent/Father went with law enforcement to retrieve the minor child, the Petitioner/Mother had moved from her residence without notice and absconded with the minor child to Haiti on or about November 25, 2018. A copy of the minor child's passport is attached hereto as Exhibit 5. According to Exhibit 5, the minor child remained in Haiti until July 29, 2020. It is the Respondent's understanding and belief that the minor child was left with her maternal aunt and other maternal family in Haiti during the two-year span while the Petitioner returned to Canada.

Based on Petitioner's actions, the Respondent/Father returned to Court to enforce the custody order. On February 5, 2019, the Superior Court of Montreal issued an order renewing the Respondent/Father's custody and directing notice to be provided to the Petitioner/Mother via email. A true and correct copy of the French and translated English order is attached hereto as Exhibit 6. Respondent also instituted a child kidnapping case against the Petitioner/Mother with law enforcement. On or about April 2019, Respondent/Father received correspondence from Detective Sergeant Marie-Pier Gouin that the Petitioner/Mother had returned

to Canada without the minor child and that she needed additional documents to arrest the Petitioner.  A true and correct copy of the email related to the same is attached hereto as Exhibit 7.  The Father had already moved to the United States.

On October 28, 2021, the Respondent/Father received the first phone call from the minor child in almost three (3) years.  They began to communicate, but it was intermittent.  On Monday, May 9, 2022, the Respondent/Father received a call from the minor child advising that the Petitioner wished for him to purchase a one-way ticket by Thursday of the same week from Canada to Georgia for the minor child.  The Respondent/Father advised that he needed two weeks to purchase the ticket.  The child returned the call the same day and advised that the Petitioner/Mother would purchase the ticket.  All communications related to the minor child's travel, ticket, well-being and best interest have been between the Respondent/Father and the Petitioner's sister, not the Petitioner.  When the Respondent spoke with the maternal aunt, it was made clear to the Respondent that they wanted the Respondent to take the child and that if he wanted to keep her he could, which he did.  A copy of the texts between the parties is attached hereto as Exhibit 8.

The minor child was sent to Georgia via American Airlines on May 12, 2022, from Canada to LaGuardia airport in New York to Atlanta as an

unaccompanied minor with a small bag and bookbag with clothes that did not fit. A true and correct copy of her travel pass is attached hereto as Exhibit 9.

While the Respondent was confused as to why after almost four (4) years he received custody of the minor child, he was happy nonetheless and made preparation to enroll the minor child in school and prepare for her permanent residency in the United States. Respondent later became aware through a call from a child abuse agency in Canada that the Petitioner/Mother was under investigation for abusing the minor child of the parties around the same time as the child was shipped to him in Georgia. The minor child was removed from the Petitioner's residence and placed in foster care for approximately one week prior to coming to the United States. After confirming that the Respondent had the child and would keep her, Respondent is of the understanding and belief that the agency made an agreement with the Petitioner to avoid the charges. The Respondent has requested paperwork regarding the abuse allegations but has not received the same.

During all communications with the maternal aunt of the minor child between May 2022 and April 2023, there has never been a request for the minor child to be returned to the Petitioner. The Respondent has always allowed the minor child to communicate with the Petitioner freely via her iPad and sent important events such as hair appointments, vacations and school awards to the

maternal aunt for the benefit of the Petitioner. In December 2022, the Petitioner appeared at the Respondent's home with law enforcement and accused the Father of touching the minor child inappropriately.  It was determined that the allegation was baseless and the child was never removed from the Respondent's care, nor any action instituted based on Petitioner's allegations.  Despite the same, Petitioner apparently instituted an action in Canada in January 2023, without any notice to the Respondent and obtained a court order granting her custody, which she is now presenting to this Court and requesting relief.

Respondent is hopeful that the Court recognizes the Petitioner's actions of making fraudulent misrepresentations to obtain an advantage for her request under the Hague Convention, requesting relief from this Court based on facts that were instituted by her own unclean hands, and deny Petitioner's request for return of the minor child not only based on the child abuse, but also based on what is in the best interest of the child.  The Hague Convention requires the return of a child taken wrongfully from their habitual residence without a parent's consent.  The Respondent never wrongfully took the child or kept the child.  Conversely, during all times that the Petitioner had the minor child in her sole physical custody from November 2018 until January 2023, the Respondent in fact, had legal sole physical custody of the minor child.  Petitioner should not be unjustly enriched by having

the minor child returned to her custody based on the foregoing facts and information provided. Therefore, Respondent requests that this Honorable Court dismiss Petitioner's Verified Petition with prejudice and place all costs upon the Petitioner, as well as any other relief this Court deems fair and appropriate.

Dated this 7th day of July, 2023.

/s/ Jerbrina L. Johnson
JERBRINA L. JOHNSON
Attorney for Respondent
Georgia Bar No.: 775517
Perimeter Law Group, LLC
2336 Wisteria Drive, Ste. 410
Snellville, Georgia 30078
Telephone: (404) 919-8439
Facsimile: (888) 804-9724
E-mail: JJohnson@PLGFirm.org

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE THE APPLICATION OF | * | |
| | * | |
| GUILANDE CHARLES, | * | |
|    Petitioner, | * | CIVIL ACTION FILE NO.: |
| | * | 1:23-CV-02418-AT |
| v. | * | |
| | * | |
| EVENS DRY, | * | |
|    Respondent. | * | |

## VERIFICATION

Personally appeared before me, the undersigned officer, duly authorized to administer oaths, EVENS DRY, who upon being duly sworn under oath deposes and says that he has read the foregoing pleading and that the facts contained therein are true and correct.

This the 30th day of June, 2023.

_Evens Dry_ (signed)
ID yNhEvoPSZHhDv4wwJvH4deMJ
Evens Dry

Sworn to and subscribed by me

This 30th day of June, 2023.

_____
Notary Public

[Notary Seal: TREVANIA ROBINSON, My Commission Expires October 14, 2025, NOTARY PUBLIC, GWINNETT COUNTY, GEORGIA]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE THE APPLICATION OF GUILANDE CHARLES, | * * | |
| Petitioner, | * * | CIVIL ACTION FILE NO.: 1:23-CV-02418-AT |
| v. | * * | |
| EVENS DRY, | * | |
| Respondent. | * * | |
| _____ | * | |

## CERTIFICATE OF COMPLIANCE

I certify that the document to which this certificate is attached has been prepared with the font and point selections as required by Local Rule 5.1(C) for documents prepared by computer.

/s/ Jerbrina L. Johnson
JERBRINA L. JOHNSON
Attorney for Respondent
Georgia Bar No.: 775517
Perimeter Law Group, LLC
2336 Wisteria Drive, Ste. 410
Snellville, Georgia 30078
Telephone: (404) 919-8439
Facsimile: (888) 804-9724
E-mail: JJohnson@PLGFirm.org